## PERINE *v.* STANDFIELD.

Building Contract—Duty as to Materials.

A building contractor who sublets a part of the work by contract expressly providing that the subcontractor is to furnish no material, and that the work shall be done without delay, is bound to see that material is supplied as needed, and his neglect to do so renders him liable to the subcontractor for the loss of time occasioned thereby, notwithstanding the fact that, as between the contractor and the owner, the latter was to furnish all material, of which fact the subcontractor had knowledge.

Error to Wayne; Donovan, J. Submitted November 20, 1895. Decided December 24, 1895.

*Assumpsit* by Charles W. Perine against Robert S. Standfield and another for the breach of a building contract. From a judgment for plaintiff, defendants bring error. Affirmed.

*Albert J. Chapman,* for appellants.

*E. T. Wood,* for appellee.

LONG, J. This case was commenced in justice's court, where plaintiff had judgment. On appeal by defendants, the cause was tried in the circuit court, and plaintiff again prevailed.

The plaintiff is a carpenter and joiner, and entered into a written contract with the defendants to do certain work on a house which they were building for John J. Black, the owner. The contract under which plaintiff was to perform his work provides, among other things, as follows:

"All work to be done in a good and workmanlike manner, for the sum of $100; part payment when work is two-thirds completed, and balance when the job is finished, and it is accepted by the architect and owner. All work to be done without delay. C. W. Perine is to furnish no material of any kind, but to do the labor."

This contract was signed by the parties to this cause.

The plaintiff admitted on the trial that he had been paid $70, and claimed the right to recover the other $30 due under the contract, as well as for loss of time, which was occasioned, as he contended, by the defendants' not furnishing material from time to time, as he called for it; that he did call for material, and was told by the defendants that it would be furnished, and not to quit work, as Mr. Black, the owner, would find fault if he did so. The defendants contended that the work was not performed in accordance with the contract; that there had been no acceptance of the work at the time the suit was commenced; that there had been no such loss of time as plaintiff claimed; and that, if any time was lost, they were not responsible for it.

On the trial the plaintiff put in evidence the contract between himself and defendants, and testified that he had performed it in accordance with the plans and speci-

fications, and that the work had been accepted by the architect. He then gave evidence, under objection, that he had lost certain time, by reason of not being furnished with material. The objection to this was that, under the contract, the defendants were not to furnish the material; that the contract did not specify this, but simply provided that plaintiff was to furnish no material. The court ruled that the contract meant that defendants were to furnish material. After this ruling was made, defendants offered to show a contract in writing between the defendants and the owner, by the terms of which it was provided that the owner was to furnish all material, and defendants gave testimony tending to show that they notified the plaintiff of that fact, and that upon one occasion the plaintiff read the contract. While the court admitted this testimony, the contract between the owner and the defendants was ruled out.

The court, in its charge, speaking of the contract between plaintiff and defendants, stated:

"It being silent, I deemed the defendants were to furnish the material, and, if you should find from all the testimony that any other arrangement was made about the furnishing of the material, I will leave that to you. I will not be arbitrary about it, but the whole matter is before you as to who furnished all the material."

1. There was evidence from which the jury might well find that the contract was completed and the work accepted by the architect and owner, and that question was fairly left to the jury.

2. Even if the court was in error in leaving to the jury the question whether the defendants were to furnish the material, the defendants' rights were not prejudiced, as it could not matter whether the defendants or the owner was to furnish the material, so far as the right of the plaintiff to recover for loss of time was concerned. The contract under which he was to do the labor provided that he was not to furnish any of the material. It was

the duty of the defendants to see that the material was on hand, so that plaintiff could carry out the contract. Defendants had, as admitted, a contract with the owner, by the terms of which he was to furnish the material, and, for any neglect on the part of the owner in this respect, they had a remedy; but there was no privity of contract between the plaintiff and the owner. Plaintiff was relying on his contract, and, if delay and loss of time were occasioned by the neglect of defendants, they were responsible for it to the plaintiff, as he could not look to the owner.

We find no error in the record, and the judgment must be affirmed.

The other Justices concurred.